FILED

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN R. CHAVERS,

               Plaintiff - Appellant,

  v.

HOLBROOK, WSP Superintendant; et al.,

               Defendants - Appellees.

No. 13-36142

D.C. No. 2:12-cv-05008-JTR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

     John R. Chavers, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his action alleging deliberate indifference to

his serious medical needs, retaliation, and employment discrimination.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Chavers' deliberate indifference claim because Chavers failed to raise a genuine dispute of material fact as to whether defendants Hammond and Holbrook were deliberately indifferent by declining to re-prescribe one of his pain medications. *See Toguchi*, 391 F.3d at 1057-58 (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"; a mere difference in medical opinion is insufficient to establish deliberate indifference (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Chavers' retaliation claim because Chavers failed to raise a genuine dispute of material fact as to whether defendant Hammond discontinued Chavers' pain medication because Chavers filed a grievance, or whether Hammond's actions did not reasonably advance a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Chavers' employment discrimination claim in violation of Title II of the Americans with Disabilities Act ("ADA") because Title II of the ADA does not apply to

employment.  *See Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1176-79 (9th Cir. 1999).

However, viewing the evidence in the light most favorable to Chavers, we conclude that summary judgment on Chavers' employment discrimination claim under the Rehabilitation Act ("RA") was improper because Chavers raised a genuine dispute of material fact as to whether defendants' reasons for not hiring him were solely by reason of his disability.  *See id.* at 1180-82 ("[U]nlike Title II of the ADA, the [RA] contain[s] several employment-related provisions."); *Gates v. Rowland*, 39 F.3d 1439, 1445-46 (9th Cir. 1994) (analyzing the RA in the prison employment setting); *see also Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("In reviewing an order granting summary judgment, we view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in his favor.").

The district court did not abuse its discretion by denying Chavers' motions for appointment of counsel because Chavers failed to demonstrate exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

13-36142

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**